[Sac. No. 673.   Department Two.—December 17, 1900.]

JOHN MURPHY, Appellant, v. JOHN MADDEN, Treasurer of Modoc County (MICHAJAH PINKNEY, Substituted), Respondent.

PAYMENT OF WITNESS IN CRIMINAL CASE—VOID ORDER FOR WARRANT—NUNC PRO TUNC ORDER BY SUCCEEDING JUDGE.—An order of a superior judge not made by the court nor entered in the minutes of the court, directing the county auditor to draw his warrant for a specified sum "in favor of the above-named witness," no name being inserted in the order, is void and ineffectual for any purpose. It cannot authorize the auditor to draw his warrant, nor constitute the basis of an order *nunc pro tunc* made by a succeeding judge and entered upon the minutes of the court in favor of a witness named who. had attended in a criminal case.

ID.--MANDAMUS TO TREASURER.—*Mandamus* will not lie to the county treasurer to compel payment of a warrant drawn by the auditor under such void order.

ID.—CONSTRUCTION OF PENAL CODE—EXPENSES OF POOR WITNESSES.—Section 1329 of the Penal Code does not provide a mode in which witnesses in criminal cases generally are to be paid; but relates only to the special case of the expenses of poor witnesses attending from outside the county, and simply furnishes the court with the means of procuring their attendance.

ID.—FEES IN CRIMINAL CASES—ACT OF 1895—MODE OF PAYMENT—PRESENTATION TO SUPERVISORS.—The fee bill of 1895, supposing it to have any application to a witness for whom an order is made under section 329 of the Penal Code, does not provide a mode for enforcing the fees of witnesses attending in criminal cases; and if they constitute a valid charge against the county, which is not determined, they are to be submitted to the board of supervisors as other claims against the county are submitted.

APPEAL from a judgment of the Superior Court of Modoc County denying a writ of mandate. J. W. Harrington, Judge issuing alternative writ. N. D. Arnot, Judge presiding upon denial of writ.

The facts are stated in the opinion of the court.

G. F. Harris, for Appellant.

John E. Raker, and E. C. Bonner, District Attorney, for Respondent.

TEMPLE, J.—This appeal is from a judgment in the superior court denying a writ of mandate to the county treasurer. The judgment was upon demurrer, the plaintiff declining to amend.

The petition shows that petitioner attended as a witness in the trial of a criminal case, in obedience to a subpoena, for seven days, and to attend traveled one mile. Judge Claflin, who presided at the trial, made an order in writing, but which was not entered in the minutes of the court, as follows, after the title of the cause:

"The auditor of Modoc county, California, is directed to draw his warrant upon the treasurer of said county in favor of the above-named witness, payable out of the general fund of the county, for ten dollars and sixty cents.

"Witness my hand this 19th day of December, 1896.

"C. L. CLAFLIN,
"Judge of Superior Court."

Thereafter, March 8, 1897, upon a showing, the superior court made what is called "an order *nunc pro tunc*." That was after the term of Judge Claflin had expired, and Hon. J. W. Harrington was superior judge. In this order, *inter alia*, it is recited that it appeared that the plaintiff, in obedience to a subpoena, actually attended as a witness in the trial of a criminal case, and that the amount allowed was necessary for the expenses of the witness, and is not in excess of one dollar and fifty cents per day and ten cents per mile for travel, and the auditor was ordered to draw his warrant for the amount. The former order made by Judge Claflin is then described as being for the same amount, and the order then proceeds as follows: "It is ordered that this order be entered as of the same date, to wit, nineteenth day of December, A. D. 1896, and be and operate as fully in particular as if said order had been made and entered by the Hon. Claflin on said date in the minutes of the court."

Prior to this so-called *nunc pro tunc* order, to wit, December 19, 1896, the auditor had issued a warrant to petitioner for the amount. On the eighth day of March, 1897, after the *nunc pro tunc* order had been made, this warrant was presented to the

treasurer, who refused to pay the same, and thereupon this proceeding was inaugurated.

The order made by Judge Claflin is ineffectual from any point of view. It is in favor of no one and does not authorize the auditor to draw his warrant for any person. The recital is "in favor of the above-named witness," but no person is named. It could have no validity under section 1329 of the Penal Code for the further reason that it was not made by the court and entered in the minutes of the court. Counsel contends that it is, or may be, an *ex parte* order, and as such might have been made in chambers. But conceding it to be an *ex parte* order, still this would not follow, for it is expressly provided in section 1329 of the Penal Code, as to this order, that it must be, "if the attendance of the witness be upon a trial," by the court and by order entered upon its minutes; in other cases, by the judge by written order. The statute itself discriminates between the "court" and the "judge," and provides that in one case the court must act, and in the other the judge may. Whatever is done by the court is also done by the judge as an essential constituent of the court, but the converse is not true.

The order made by Judge Harrington was evidently intended to be a compliance with the act to establish fees, passed in 1895 (Stats. 1895, p. 267), and counsel on both sides seem to so consider it. Supposing that act to apply, a proposition which is seriously contested, it simply determines fees which certain persons, officers, witnesses, and others are entitled to charge, but declares nothing as to who shall pay, or in what mode payment can be enforced. Counsel for appellant contends that section 1329 of the Penal Code provides the mode in which witnesses in criminal cases are to be paid. I am unable to agree with counsel in this contention. Section 1329 provides only for the special cases of witnesses from without the county, and those too poor to pay the expense of attendance. As to neither class does it provide compensation or anything in the nature of fees, and, as to the poor, it simply furnishes the court with the means of procuring the attendance of the witnesses.

There being no mode provided for the payment of these fees, supposing they constitute a valid charge against the county—

which we do not determine—they are to be submitted to the board of supervisors as other claims against the county are submitted.

We have not found it necessary to determine whether the successor of Judge Claflin could pass upon the claim of the witness, under the fee bill of 1895. If the court had made a valid order which, for some reason, was not entered in the minutes, no doubt this order so made, or another to the same precise effect, could have been subsequently entered as of the date the first order was made, but as the court, in December, 1896, failed to make an order in the matter, the so-called *nunc pro tunc* order made by Judge Harrington must be sustained, if at all, as an order made in the first instance. Nor do we find it necessary to decide whether Modoc county has a special fee bill.

The judgment is affirmed.

McFarland, J., concurred.

BEATTY, C. J., concurring.—I concur. I wish to add to what is said by Justice Temple that, although there is no law which authorizes a court or judge to make an order for the payment of any claim of a witness, except in the cases specified in section 1329 of the Penal Code, I still think that all fees claimed under the act of 1895 (Stats. 1895, p. 273) must be audited by the court before any claim therefor can be allowed and ordered paid by the board of supervisors.